Per Curiam.

On April 10, 1956, the respondent was appointed to fill a vacancy in an unexpired term on that court and was duly inducted into that office on April 20, 1956. He is now discharging the duties of that office.
The provisions of Section 1901.06, Revised Code, read in part as follows:
“A municipal judge during his term of office shall be a qualified elector and a resident of the territory of the court to which he is elected or appointed, and shall have been admitted to the practice of law in the state and shall have been actively engaged in the practice of law as his principal occupation for at least five years. * * * ’ ’
It is the contention of the relator that the respondent has not “been actively engaged in the practice of law as his principal occupation for at least five years.”
The material stipulations of fact read as follows:
“That the defendant, Alan E. Schwarzwalder, is an elector and resident of Franklin County, Ohio, and that he was admitted to the practice of law by the Supreme Court of Ohio on May 25, 1949.
*448 “That the defendant, Alan E. Schwarzwalder, was appointed by the Governor of Ohio to the office of judge of the Municipal Court of the city of Columbus, state of Ohio on April 10, 1956, to fill a vacancy therein, and that said defendant took the oath of office on the 20th day of April, 1956, and is, at the time of the filing of the petition and of the hearing herein, acting in the capacity of judge of the Municipal Court of the city of Columbus, Ohio.
“That the defendant, Alan E. Schwarzwalder, on the 16th day of June, 1949, was appointed an Assistant Attorney General of the state of Ohio by the then Attorney General, Herbert S. Duffy, and that he qualified for and assumed the said office and served in that capacity from the 16th day of June, 1949, until the 8th day of January, 1951; and that during said period of service as Assistant Attorney General the defendant, Alan E. Schwarzwalder’s principal occupation was, and all of his time was devoted to serving as attorney and legal adviser to various divisions of the state government including the Warden of the Ohio Penitentiary, the Department of Industrial Relations, Department of Taxation, Highway Department, Department of Liquor Control, State Fire Marshal, and others; that during said period of service, the defendant made numerous appearances in the various Courts of Common Pleas of the state of Ohio in which he was of counsel, amounting in all to approximately 100 appearances; that further, during said service said defendant appeared in several Courts of Appeals within the state of Ohio in approximately 30 cases in which he was of counsel, and that during said period the defendant appeared of counsel in the Supreme Court of the state of Ohio in approximately five cases, and that during said period said defendant in addition to said court appearances prepared briefs, pleadings, contracts, and other legal documents, and participated in drafting opinions which ultimately appeared over the signature of the Attorney General.
“It is further stipulated and agreed that the defendant was actively engaged in the private practice of law as his principal occupation from January 9, 1951, until February 13, 1951.
“That the defendant, during the period from February 13, 1951, through December 31, 1952, except for a six-week period *449 in 1952 when he assumed the duties as Chief of Enforcement of the Department of Liquor Control, was employed as an attorney examiner by the Department of Liquor Control.
“It is stipulated and agreed that the defendant, as said attorney examiner, was principally occupied and devoted substantially all of his time to the following duties during said period:
“1. Assembled facts and made determinations as to the legal sufficiency of documents such as contracts, wills, leases, mortgages, trust agreements, etc., in connection with the issuance of permits, and drafted and prepared orders determining rights of applicants for the issuance of permits. Many of such orders became the basis for appeals from the decision of the Director of the Department of Liquor Control, and subsequently to the Common Pleas Court of Franklin County, and in some instances to the Court of Appeals of Franklin County, and to the Supreme Court of Ohio.
“2. Beviewed and analyzed court decisions and Attorney General’s opinions affecting the statutes and regulations which the Department of Liquor Control is required to administer.
“3. Prepared proposed legislation which the Director of Liquor Control either directly or through the office of the Governor, sought to have introduced and enacted by the General Assembly of Ohio.
“4. Beviewed decisions made by the Court of Common Pleas and other courts, and made recommendations to the Director of the Department of Liquor Control as to the propriety of further appeal on the part of the department. The final decision as to appeal rested with the Director of Liquor Control and the Attorney General.
“5. Drafted and prepared contracts on 'behalf of the department, which contracts were made the legal basis for the purchasing of supplies, materials and services for use by the department.
“6. Drafted, prepared and reviewed lease agreements to be entered into between the department and private individuals desiring to lease state liquor store locations to the department.
“7. Upon authorization by the director of the department, conducted hearings which the department is required to conduct under Section 4303.26 of the Bevised Code of Ohio.
*450 “8. Reviewed transcripts of testimony and prepared opinions as to various legal questions as requested by tbe Director of the Department of Liquor Control.
“It is further stipulated and agreed that on December 31, 1952, the defendant was promoted to Chief of the Permit Division, and that since the creation of the Permit Division in August 1950, the position of chief of that division has been occupied by an attorney.
“It is agreed that during defendant’s service as Chief of the Permit Division he held Ohio civil service classifications executive III and executive IV.
“It is further stipulated and agreed that the defendant, while acting as the Chief of the Permit Division of the Department of Liquor Control for the period December 31, 1952, until December 23, 1954, continued as his principal occupation and devoted substantially all of his time to the performance of duties identical in character to his duties as attorney examiner set out hereinabove, and that in addition to said duties he was engaged in the following duties:
“1. Reviewed and approved all orders dealing with the rejection of applications for permits, many of which orders were appealed and became the basis of court actions in the courts of Franklin County and the state of Ohio.
“2. Served as a member of and acted as legal adviser to an intradepartmental committee charged with the duty of passing upon the legal qualifications of applicants for new permits.
“3. Advised and conferred with the Assistant Attorney General representing the Department of Liquor Control as to legal questions involving the presentation of cases before the Board of Liquor Control and the courts of the state of Ohio.
“4. Supervised and directed the work of five attorney examiners employed by the Department of Liquor Control within the Permit Division.
“5. Prepared bulletins and orders relating to statutory or regulatory interpretation of the Liquor Control Act and the regulations of the Board of Liquor Control.
“6. Daily conferred with and advised attorneys at law engaged in the representation of clients seeking permits and transfer of existing permits through the Department of Liquor Control,
*451 “7. Prepared written and rendered oral opinions for the director of the department as to the legal effect of acts committed by holders of permits issued by the department.
“It is further stipulated and agreed that the Attorney General of Ohio maintained an office in the Department of Liquor Control and was the attorney of record in all appeals from the Department of Liquor Control throughout the entire period of time involved in this action. ’ ’
Since the respondent was admitted to the practice of law in Ohio on May 25, 1949, his activities have been divided into four periods.
During the first 20 months he was occupied in the private practice and as an Assistant Attorney General. It is agreed that he is entitled to credit for this period.
During the next 23 months he served as an attorney examiner in the Ohio Department of Liquor Control. It is contended that he is not entitled to credit for this period.
During the third period of 24 months he was occupied as Chief of the Permit Division of the Department of Liquor Control. Credit for this is disputed.
The fourth period consisted of approximately 16 months during which he served as assistant director of the Department of Liquor Control. It is agreed that he is not entitled to credit for this period.
Hence, there is no dispute that the respondent is entitled to credit for the first period of 20 months but not for the fourth consisting of 16 months. The controversy then involves the second and third periods of 23 and 24 months respectively. If the respondent is entitled to credit for each of the first three periods, he has a total of 67 months. If he is entitled to fewer than the three periods, he then has less than the required five years — 60 months — and is not eligible to hold the office.
In view of the numerous above-stipulated legal duties discharged by the respondent while in the office of attorney examiner, it would seem that there should be little dispute concerning this period. The relator relies on the provisions of old Section 109.02, Revised Code, which read in part as follows:
‘ ‘ The Attorney General is the chief law officer for the state and all its departments and shall have an office in the state *452 house. No state officer, board, or the head of a department or institution of the state shall employ, or be represented by, other counsel or attorneys at law.” However, under the much more recent Section 121.14, Revised Code, it is provided that “each department may employ, subject to the civil service laws in force at the time the employment is made, the necessary employees, and, if the rate of compensation is not otherwise fixed by law, fix their compensation.” And in Section 121.02, Revised Code, one of the departments specifically mentioned is that of liquor control. Furthermore, in Section 143.09, Revised Code, one of the civil service classifications expressly provided is that of attorney examiner.
Clearly the respondent is entitled to credit for the second period in which he served approximately 23 months as an attorney examiner.
The final question relates to the third period consisting of 24 months during which the respondent served in the capacity of Chief of the Permit Division of the Department of Liquor Control. It is argued that the law does not require the position to be filled by an attorney. This, of course, is correct, but the important thing is the nature of the actual duties performed. According to the stipulated facts, they were:
“1. Reviewed and approved all orders dealing with the rejection of applications for permits, many of which orders were appealed and became the basis of court actions in the courts of Franklin County and the state of Ohio.
“2. Served as a member of and acted as legal adviser to an intradepartmental committee charged with the duty of passing upon the legal qualifications of applicants for new permits.
“3. Advised and conferred with the Assistant Attorney General representing the Department of Liquor Control as to legal questions involving the presentation of cases before the Board of Liquor Control and the courts of the state of Ohio.
“4. Supervised and directed the work of five attorney examiners employed by the Department of Liquor Control within the Permit Division.
“5. Prepared bulletins and orders relating to statutory or *453 regulatory interpretation of the Liquor Control Act and the regulations of the Board of Liquor Control.
“6. Daily conferred with and advised attorneys at law engaged in the representation of clients seeking permits and transfer of existing permits through the Department of Liquor Control.
“7. Prepared written and rendered oral opinions for the director of the department as to the legal effect of acts committed by holders of permits issued by the department.”
A study of this total list of duties makes it seem unrealistic to hold that the respondent was not “actively engaged in the practice of law as his principal occupation. ’ ’ While he was not in court, this is by no means the sole test. In the first paragraph of the syllabus in the case of Land Title Abstract & Trust Co. v. Dworken, 129 Ohio St., 23, 193 N. E., 650, this court held:
“1. The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law. ’ ’
The relator relies on the decision of this court in the case of State, ex rel. Flynn, v. Board of Elections, 164 Ohio St., 193, 129 N. E. (2d), 623. In the third paragraph of the syllabus, this court held :
“A candidate for the office of municipal judge who was admitted to the practice of law in 1925 and was employed on a full-time basis as a referee of the Cleveland Municipal Court from 1927 until 1954, and whose duties as such referee consisted of hearing after-judgment proceedings, garnishments and the settlement of causes, and performing other duties of a judicial nature, and whose decisions on these matters were subject to the approval of a judge of such court, was not ‘actively engaged in the practice of law as his principal occupation for at least five years,’ as required by Section 1901.06, Revised Code, and is ineligible for election to the office of municipal judge.”
The inapplicability of that decision to the instant contro *454 versy is disclosed by the following rationale in the opinion:
“Since a Judge of the Cleveland Municipal Court in the performance of his judicial duties can not, by this statutory definition, be considered as practicing law, then neither can relator’s services, as a referee, in assisting a judge in the performance of judicial duties be considered the practice of law.”
Hence, this court is of the view that the respondent is entitled to credit for each of the first three periods of his employment — 20 months, 23 months and 24 months respectively— a total of 67 months. This meets the statutory requirement of five years — 60 months — and the requested writ of quo warranto must be denied.

Writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.
Stewart and Taet, JJ., dissent.